4

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile:  (209) 943-0905

Attorneys for Chapter 7 Trustee
IRMA C. EDMONDS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

MARIANNE JANE MILLER,

    Debtor.

NO: 12-40761-D-7

DC No.: SLF 4

**MOTION FOR AUTHORIZATION TO SELL PROPERTY AT PUBLIC AUCTION AND TO COMPENSATE AUCTIONEER**

Date: May 8, 2013
Time: 10:00 a.m.
Place: Department D
Honorable Robert S. Bardwil

    Chapter 7 Trustee Irma C. Edmonds respectfully moves for authorization to sell personal property of the estate at public auction. The Trustee believes the proposed sale of the personal property is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

    The Trustee represents the following:

### INTRODUCTION

    1.   On November 30, 2012, the Debtor filed this case. Irma C. Edmonds is the Chapter 7 Trustee.

2. In her schedules, the Debtor disclosed the following:

 (i) "Stonebridge Life Insurance, term life insurance, face value $5000; Deceased husband's policy. Proceeds not yet received." She scheduled this item with a value of $5000 and exempted $5000 under California Code of Civil Procedure Section 703.140(b)(7);

 (ii) "Presidential Life Insurance, term life insurance, face value $10,000; Deceased husband's policy. Proceeds not yet received." She scheduled this item with a value of $10,000 and exempted $10,000 under Section 703.140(b)(7) (collectively, the "Insurance"); and

 (iii) "5 yogurt machines used in business." She scheduled this item with a value of $10,000 and exempted $3673.54, $2200 under Section 703.140(b)(6) and $470.19 under Section 703.140(b)(5) (the "Yogurt Machines").

3. The Trustee disputes the Debtor's exemptions in the Insurance and entered into a proposed settlement agreement with the Debtor pursuant to which the Debtor agreed to (i) pay the bankruptcy estate $5000 and (ii) immediately turnover the Yogurt Machines to the Trustee. In addition, within five days of the Bankruptcy Court's entry of an order approving the Trustee's motion to compromise, the Debtor shall file an amended Schedule C in which she shall (i) remove all exemptions in the Yogurt Machines and (ii) remove $5000 of the exemption claims in the Insurance. (Edmonds Decl., ¶ 2).

4. The Trustee is filing the motion to compromise concurrently with this application. If approved, the Debtor agreed to amend her schedules to remove the exemption in the Yogurt Machines. (Edmonds Decl., ¶ 3).

5. The Debtor did not schedule any liens or encumbrances against the Yogurt Machines and the Trustee is unaware of any liens or encumbrances against them. (Edmonds Decl., ¶ 4).

**SALE OF THE PROPERTY AT PUBLIC AUCTION**

6. The Trustee believes, based on her knowledge and on the evaluation of the Yogurt Machines by Huisman Auctions, Inc. ("Huisman"), that there is equity in the Yogurt

Machines and a sale of the Yogurt Machines at public auction is the best method of liquidating them for the benefit of the estate. (Edmonds Decl., ¶ 5).

7. The Trustee is concurrently filing an application to employ Huisman as auctioneer to sell the property at public auction.

8. The Trustee believes that by using an auction process, the Yogurt Machines will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Huisman engages in extensive advertising, including highway billboards, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Edmonds Decl., ¶ 6).

9. If the Court approves this Motion, the Trustee intends to sell the Yogurt Machines at an online auction to be conducted at Huisman's website, www.huismanauction.com. The Yogurt Machines will be sold on an "AS IS" basis without any warranty. Interested parties may submit their bids between May 14 and May 20, 2013. Interested persons may inspect the Yogurt Machines on weekdays between 9:00 a.m. and 4:00 p.m. by appointment with Huisman. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Huisman, at (209) 745-4390. (Edmonds Decl., ¶ 7).

10. The Trustee intends to accept the highest reasonable bids. If, in the exercise of the Trustee's business judgment, no reasonable bids are received, the Yogurt Machines may be held for subsequent auction or private sale without additional notice. (Edmonds Decl., ¶ 8).

11. The Trustee believes the sale of the Yogurt Machines at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Edmonds Decl., ¶ 9).

### AUCTIONEER COMPENSATION

12. As is noted in the accompanying application to employ Huisman, the Trustee requests authorization to pay Huisman a 12 percent commission and to reimburse

Huisman for reasonable expenses up to $500.00 incurred in preparing the Yogurt Machines for sale, including out of pocket expenses for transportation and storage of the Yogurt Machines. Also, successful buyers who pay by credit card will pay an online credit card processing fee of 3 percent. (Cash payments will not be subject to this processing fee.) The Trustee believes that this is a customary practice for the auction sale of personal property and one that encourages the use of auction professionals to assist with bankruptcy sales of property. Following the sale, the Trustee will file a report of the sale with the Court. (Edmonds Decl., ¶ 10).

## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Yogurt Machines at public auction on the terms and conditions set forth in this Motion, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (12 percent seller's commission, reimbursement of reasonable expenses up to $500.00, and 3 percent buyer's fee for successful buyers who pay by credit card), and that it grant such other and further relief as is appropriate.

Dated: April 3, 2013

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
IRMA C. EDMONDS