5

1   THE SUNTAG LAW FIRM
    A Professional Corporation
2   DANA A. SUNTAG (California State Bar No. 125127)
    LORIS L. BAKKEN (California State Bar No. 215033)
3   The Kress Building
    20 North Sutter Street, Fourth Floor
4   Stockton, California  95202
    Telephone: (209) 943-2004
5   Facsimile:   (209) 943-0905

6   Attorneys for Chapter 7 Trustee
    IRMA C. EDMONDS
7

8              UNITED STATES BANKRUPTCY COURT

9              EASTERN DISTRICT OF CALIFORNIA

10  In re:                              )    NO: 12-40761-D-7
                                        )
11                                      )    DC No.: SLF 12
    MARIANNE JANE MILLER                )
12                                      )    CHAPTER 7 TRUSTEE'S MOTION FOR
                                        )    AUTHORIZATION TO SELL REAL
13                Debtor.               )    PROPERTY AND TO COMPENSATE
                                        )    JOHN ALTSTATT OF HOMELINK REAL
14                                      )    ESTATE AS REALTOR FOR THE
                                        )    TRUSTEE
15                                      )
                                        )    Date:  February 5, 2013
16                                      )    Time: 10:00 a.m.
                                        )    Place: Department D
17                                      )    The Honorable Robert S. Bardwil
                                        )
18

19

20

21

22

23

24

25

26
    MOTION FOR AUTHORIZATION
    TO SELL REAL PROPERTY AND TO         1
    COMPENSATE REALTOR

1    Chapter 7 Trustee Irma C. Edmonds moves for authorization to sell the estate's

2    interest in real property located at 14242 Louise Avenue, Ripon, California (the "Property") for

3    $470,000, and for authorization to compensate John Altstatt, Broker at Homelink Real Estate,

4    from the sales proceeds. The Trustee believes the sale of the estate's interest in the Property is

5    in the best interests of the creditors, and this Court should approve it pursuant to Bankruptcy

6    Code Section 363(b).

7    The Trustee represents the following:

8    A.    Procedural History of the Bankruptcy Case.

9    1.    The Debtor filed this case on November 30, 2012. Irma C. Edmonds was

     appointed Chapter 7 Trustee.

10

11    2.    The Debtor listed the Property in her Schedule A with a value of

      $242,092.00 and subject to a secured claim in the amount of $269,183.00. The Debtor did not

12    claim an exemption in the Property.

13    3.    On June 19, 2013, the Debtor's counsel contacted the Trustee's counsel

14    and told him that the Debtor had passed away. (Aranda Decl. ¶ 2).

15    4.    Bankruptcy Rule 1016 states:

16    Death or incompetency of the debtor shall not abate a
      liquidation case under chapter 7 of the Code. In such event
17    the estate shall be administered and the case concluded in
      the same manner, so far as possible, as though the death or
18    incompetency had not occurred.

19    Accordingly, the bankruptcy remained open after the Debtor's death and the Trustee continued

20    with the administration of the bankruptcy estate.

21    B.    Details of the Agreement to Sell.

22    5.    On December 20, 2013, the Debtor's counsel contacted the Trustee's

23    counsel and informed him that the executors of the Debtor's probate estate were in the process

24    of selling the Property. (Aranda Decl. ¶ 3).

25    6.    On December 23, 2013, the Trustee's counsel spoke with Kellie Rocha of

26    Old Republic Title Company and she confirmed that the sale of the Property is pending. The

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY AND TO                2
COMPENSATE REALTOR

Trustee's counsel told Ms. Rocha that the Property is property of the bankruptcy estate and only the Trustee has the authority to sell it. (Aranda Decl. 4; Ex. A).

7. Ms. Rocha also provided the Trustee's counsel with a copy of the sale contract, which stated that on October 8, 2013, Justin Potts made a written offer to purchase the Property for $450,000. The executor of the Debtor's probate estate made a counteroffer of $495,000. On October 14, 2013, Mr. Potts made a counteroffer of $470,000 which the executor of the Debtor's probate estate accepted on October 17, 2013 (the "Agreement"). (Aranda Decl. ¶ 5, Ex. B at pages 1, 2, and 7).

8. The Trustee reviewed the terms of the proposed purchase. In addition, her counsel contacted John Altstatt, the listing agent for the Property, and asked for his analysis of the fair market value of the Property. Mr. Altstatt told the Trustee's counsel that he became the listing agent for the Property on September 6, 2013, and that the initial listing price of the Property was $549,000. In order to market the Property he listed the Property for sale in the regional Multiple Listing Service at $549,900, installed a "For Sale" sign at the Property, placed the Property for sale on all leading internet search sites including Yahoo, Google, Zillow, Trulia, Realtor.com, Redfin, and others. Mr. Altstatt also stated that after 12 showings of the Property he only received the one offer from Mr. Potts. Mr. Altstatt's opinion is that the value of the Property is approximately $460,000 to $475,000. (Aranda Decl. ¶ 6, Edmonds Decl. ¶ 2, Altstatt Decl. ¶'s 2-5; Ex. C)

9. Ms. Rocha provided the Trustee's counsel with a preliminary title report on the Property ("PTR") that shows the following liens on the Property: (i) a deed of trust securing indebtedness of $284,000 vested in GMAC Mortgage, LLC; and (ii) a lien by the San Joaquin County Tax collector (collectively the "Liens"). (Aranda Decl. 7; Ex. D, PTR at pages 4 and 5, items 8 and 9).

C. The Current Proposed Sale to Justin Potts

10. Based on her review of the Property and the proposed sale, the Trustee believes that there is equity in the Property and the proposed sale of the Property documented in

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY AND TO
COMPENSATE REALTOR

3

1   the Agreement is the best method of liquidating it for the benefit of the estate because there is a

2   willing buyer and the Trustee believes the proposed sale price is at least fair market value based

3   on the realtor's information. (Edmonds Decl., ¶ 2).

4      11. The Trustee and the buyer, Mr. Potts, have signed an addendum to the

5   Agreement: (i) substituting the Trustee as a selling party in place of the Debtor's executors; (ii)

6   stating that the sale of the estate's interest in the Property is "as-is" and that the Trustee

7   disclaims any representations or warranties relating to the Property; (iii) releasing the Trustee,

8   the estate, and the Trustee's attorneys, agents, and employees from any claims involving the

9   sale of the estate's interest; (iv) conditioning the Trustee's sale of the estate's interest in the

10  Property on Bankruptcy Court approval; (v) stating that the Trustee's sale of the estate's interest

11  in the Property is subject to overbidding, (vi) conditioning the realtor's receipt of a commission on

12  the sale of the estate's interest in the Property on Bankruptcy Court approval, and (vii) stating

13  that any expense that is to be paid by the seller will be paid solely from the sales proceeds

    (Edmonds Decl., ¶ 3, Ex. E).

14     12. The Liens will be paid in full from the sales proceeds and the net sale

15  proceeds to the bankruptcy estate are approximately $178,000. (Aranda Decl. 8, Ex. F).

16     13. Neither the Trustee nor her professionals have any relationship with Mr.

17  Potts. (Edmonds Decl., ¶ 4; Altstatt Decl., ¶ 7).

18     14. The Agreement is conditional on Bankruptcy Court approval of this Motion

19  and the Trustee is amenable to overbidding at the hearing on terms that are agreeable to this

20  Court. (Edmonds Decl., ¶ 5, Ex. E).

21     15. The Trustee respectfully requests this Court to approve the proposed sale

22  pursuant to Bankruptcy Code Section 363(b). (Edmonds Decl., ¶ 6).

23     D. Compensation of Realtor for the Trustee

24     16. The Trustee is concurrently filing an application to employ Mr. Altstatt to act

25  as her listing agent in connection with the sale of the estate's interest in the Property to Mr. Potts.

26  In accordance with that application, the Trustee requests authorization to compensate

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY AND TO   4
COMPENSATE REALTOR

1  Mr. Altstatt for the agreed commission of 5 percent[1] of the sales proceeds to the estate at the

2  close of escrow. (Altstatt Decl. ¶ 8).

3         E.     A Waiver of the Stay of the Sale Order is Appropriate.

4         17.    Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, an

5  order authorizing the sale of property is stayed for 14 days after the entry of the order unless the

6  Court orders otherwise. Here, the Trustee requests that the Court waive the 14-day stay. The

7  Trustee submits that assuring any prospective purchasers (bidders) of the finality of the sale

8  transaction will equate to higher bids at the hearing. It is important to the Trustee – and certainly

9  to the current purchaser and any prospective bidder – that the sale close as soon as possible.

   Thus, the Trustee believes that a waiver of the 14-day stay period is appropriate.

10        WHEREFORE, the Trustee respectfully requests that the Court authorize the sale

11 of the estate's interest in the Property on the terms set forth in this Motion and in the Agreement,

12 and that it grant such other relief as is just and proper.

13 Dated: January 15, 2014                          THE SUNTAG LAW FIRM
                                                     A Professional Corporation
14

15                                                   By: __/s/ Loris L. Bakken_____
                                                         LORIS L. BAKKEN
16                                                       Attorneys for Chapter 7 Trustee,
                                                         IRMA C. EDMONDS
17

18

19

20

21

22

23

24

25
   _____
   [1]    Mr. Altstatt has agreed to share half of his 5 percent commission with the selling
26     agent. (Altstatt Decl. ¶ 8).
   MOTION FOR AUTHORIZATION
   TO SELL REAL PROPERTY AND TO           5
   COMPENSATE REALTOR